**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES GILLESPIE | : | |
| 64 Fruitree Road | : | |
| Levittown, PA 19056 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO: |
| | : | |
| v. | : | COMPLAINT AND JURY DEMAND |
| | : | |
| OXFORD VALLEY GROUND ROUND, | : | **COLLECTIVE AND CLASS ACTION** |
| INC., d/b/a GROUND ROUND | : | **ON BEHALF OF PLAINTIFF AND ALL** |
| 110 Lincoln Hwy, Suite 1 | : | **SIMILARLY SITUATED PERSONS** |
| Fairless Hills, PA 19030 | : | |
| and | : | |
| HANNA KERYAKOUS | : | |
| 110 Lincoln Hwy, Suite 1 | : | |
| Fairless Hills, PA 19030 | : | |
| and | : | |
| GEORGE KERYAKOUS | : | |
| 110 Lincoln Hwy, Suite 1 | : | |
| Fairless Hills, PA 19030 | : | |
| and | : | |
| MICHAEL KERYAKOUS | : | |
| 110 Lincoln Hwy, Suite 1 | : | |
| Fairless Hills, PA 19030 | : | |
| | : | |
| Defendants. | : | |

## COLLECTIVE/CLASS ACTION COMPLAINT

James Gillespie and all other similarly situated individuals (*hereinafter* referred to collectively as "Plaintiffs," unless otherwise indicated), on behalf of themselves and all employees/former employees who are similarly situated to them (as described *infra*) hereby bring this collective and class action against Defendants.

## INTRODUCTION

1.     Plaintiffs have initiated the instant collective action to redress violations by Defendant of the Fair Labor Standards Act "FLSA" (29 U.S.C. §§ 201, *et. seq.*) and the

Pennsylvania Minimum Wage Act ("PMWA - 43 P.S. §§ 331.101, *et. seq.*). Plaintiffs assert that Defendants failed to pay them overtime compensation along with all employees/former employees who are similarly situated to them (as described *infra*).

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiffs' claims because they arise under a federal law - the FLSA.

3.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff James Gillespie ("Plaintiff Gillespie") is an adult individual residing at the above-captioned address.

7.      The putative Plaintiffs will be adults *sui juris* individuals who have worked in positions similar to those of Plaintiff James Gillespie.

2

8.     Defendant Oxford Valley Ground Round, Inc., d/b/a Ground Round (hereinafter "Defendant GR") is a family-restaurant chain that is an independently owned Franchise by the named individual Defendants herein.

9.     Defendants Hanna Keryakous, George Keryakous, and Michael Keryakous (hereinafter "Defendant Individuals") are 3 brothers who own, invest in, operate and manage Defendant GR.  They are responsible for oversight, management, compensation, and all matters pertaining to business operations of Defendant GR.

10.    Defendant Individuals also upon information own and operate an IHOP Franchise.  It is believed that this franchise is operated in the same unlawful manner with the same illegal employee pay and compensation scheme and practices. This paragraph is included herein for notice purposes to the Court and Defendants that this entity may be amended herein upon further information being obtained.  It is believed that these franchises are run in the exact same manner, with similar management, utilizing the same resources and policies. Plaintiff Gillespie's payroll for work performed at Defendant GR comes from IHOP on his payroll.

11.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff Gillespie was hired by Defendants on or about October 31, 2016.

14.     Plaintiff Gillespie was hired by Defendants to work alternatively, and as needed, in 2 separate positions (albeit on a full-time basis).

15.     The 2 positions Plaintiff Gillespie regularly worked within as directed were as a Server and Bartender.

16.     This Collective and Class Action is brought on behalf of any individual who worked with Defendants during the 3 years preceding the filing of this case and thereafter in the positions of Server and/or Bartender at any Ground Round location operated by Defendant Individuals.

17.     In total, Plaintiff Gillespie was employed with Defendants for approximately 7 months.

18.     In his approximate 7 months of employment, he was scheduled from open to close normally working 7 days per week.  While Plaintiff Gillespie typically more hours than most, many employees in similar positions worked well in excess of 40 hours per week.

19.     Plaintiff Gillespie worked well over 40 hours per workweek and often worked in excess of 70-80 hours in a single workweek.

20.     Plaintiff Gillespie and all similarly situated current and/or former employees:

    (A) Did not have their actual hours worked specified or listed on their payroll or paystubs; and instead, the records were manipulated and falsified to reflect work hours under 40 hours per week (an intentionally false and deflated number of hours); and

    (B) Did not – as a matter of practice and policy – get compensated for any overtime hours worked.

21.     Plaintiff and similarly situated current and/or former employees were not only denied overtime compensation, they often worked on days and during full workweeks where they earned minimal income despite the exorbitant number of hours being worked. More

4

specifically, they were paid at a rate of $2.83 per hour, earned minimal tips, and therefore earned less than state and federally mandated minimum wage ($7.25 per hour).

22.    Plaintiff and other similarly situated individuals raised concerns about not being paid legally, not receiving overtime compensation, and Defendant Individuals nonetheless perpetuated and continued the unlawful compensation practices set forth herein.  When Plaintiff Gillespie would complain of such illegalities, Defendant Individuals just told him his job is to work for tips.

23.    Defendants' actions herein are (and all times were) clearly willful, as they:

    (A) Intentionally fail to maintain proper time records;

    (B) Falsify paystubs of employees;

    (C) Engage in an across-the-board practice and policy of non-payment of minimum wage and overtime compensation;

    (D) Ignore complaints of unlawful pay and unpaid overtime compensation; and

    (E) Any employer knows that individuals working in the roles for which Plaintiff was hired are non-exempt positions.

**Count I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation & Minimum Wage)**
**- Collective Action -**

24.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25.    At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

26.     At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiffs and those similarly situated.

27.     At all times relevant herein, Plaintiffs were employed with Defendants as "employee[s]" within the meaning of the FLSA.

28.     The FLSA requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiffs, 1.5 times the employees' regular rate of pay for each hour that the employee works over 40 in a workweek.

29.     At all times during their employment with Defendants, Plaintiff Gillespie and similarly situated Plaintiffs were "non-exempt" employees within the meaning of the FLSA.

Defendants' violations of the FLSA as to Plaintiff Gillespie and all other similarly situated individuals include:

   a.     Not paying them at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per work week;

   b.     Not using proper record keeping mandated by the Department of Labor to ensure that they were paid for each and every hour they worked;

   a.     Intentionally falsifying hours worked on documentation to conceal non-payment of overtime pay and minimum wage compensation; and

   b.     Attempting to discourage Plaintiffs from pursuing wage cases by telling them they are entitled only to tips and they should be happy irrespective of wage violations.

30.     As a result of Defendants' failure to pay Plaintiffs the wages and overtime compensation due them, Plaintiffs suffered significant lost wages, unpaid overtime and minimum wage.

**Count II**
**Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation & Minimum Wage)**
**- Class Action -**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     The allegations as set forth in Count I of this Complaint also constitute mirroring violations of state law as set forth herein.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of state and federal wage laws;

(2) Defendants are to compensate, reimburse, and make Plaintiff and all similarly situated to Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and wages;

(3) Plaintiffs and employees similarly situated to Plaintiffs should be awarded liquidated damages as applicable under the laws which they are suing in an amount believed to be appropriate to deter such conduct by Defendants in the future (along with any other applicable penalties); and

(4) Plaintiff and employees similarly situated to Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

Date: June 7, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JAMES GILLESPIE | CIVIL ACTION |
| v. | |
| OXFORD VALLEY GROUND ROUND, INC. d/b/a GROUND ROUND, ET AL. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X )

| | | |
|---|---|---|
| 6/7/2017 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 64 Fruitree Road, Levittown, PA 19056

Address of Defendant: 110 Lincoln Hwy, Suite 1, Fairless Hills, PA 19030

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☒

Does this case involve multidistrict litigation possibilities?     Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/7/2017 _____ ARK2484
            Attorney-at-Law     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/7/2017 _____ ARK2484
            Attorney-at-Law     Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GILLESPIE, JAMES

## DEFENDANTS

OXFORD VALLEY GROUND ROUND, INC., d/b/a GROUND ROUND, ET AL.

**(b)** County of Residence of First Listed Plaintiff   __Bucks__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   __Bucks__
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act "FLSA" (29USC201)

Brief description of cause:
Violations of the FLSA and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE    6/7/2017

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print     Save As...     Reset